UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,  Case No. 2:22-cv-12532-GAD-DRG

    Plaintiff,  HON. GERSWIN A. DRAIN

vs.  Mag. Judge David R. Grand

ROBERT HALF INTERNATIONAL, INC.,

    Defendant.
_____/

| | |
|---|---|
| Brenda K. Sanders | FOLEY & LARDNER, LLP |
| Plaintiff – in *Pro Se* | Attorneys for the Defendant |
| P. O. Box 953 | Jeffery S. Kopp (P59485) |
| Lincoln Park, Michigan 48146 | Jacqueline A. Hayduk (P80998) |
| (313) 685-1096 | 500 Woodward Avenue, Suite 2700 |
| (803) 991-1137 | Detroit, Michigan 48226-3489 |
| brendakarensanders@outlook.com | (313) 234-7140 |
| | jkopp@foley.com |
| | Jhayduk@foley.com |

_____/

### MOTION TO COMPEL COMPLETE ANSWERS TO THE PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS

NOW COMES the Plaintiff, Brenda K. Sanders, in *Pro Se*, and hereby motions this Honorable Court to Compel the Defendant to Submit Complete Answers to Plaintiff's Interrogatories and Requests for Document Production which were filed on November 30, 2022, pursuant to Federal Rule of Civil Procedure 33, and in support of same, states as follows:

    1.    That the Plaintiff sought concurrence for the relief requested in this Motion on March 31, 2023.

    2.    That the Defendant has failed to concur with the relief requested by the Plaintiff.

3. That the Plaintiff is a current victim of government and military harassment and air stalking.

4. That the Plaintiff submitted her Interrogatories to the Defendant, Robert Half International on or about November 30, 2022.

5. That the Plaintiff submitted her Request to Produce Documents to the Defendant on November 30, 2022.

6. That the Defendant answered the Plaintiff's Interrogatories, however, failed to provide employment information regarding the Plaintiff's employment applications prior to July 11, 2019.

7. That the Defendant responded to the Plaintiff's Request to Produce Documents, but failed to provide employment documents prior to July 11, 2019.

8. That that the Defendant ignorantly proclaims (without full knowledge) that the applicable Statute of Limitations eliminates the need to comply with the Plaintiff's discovery requests prior to July 11, 2019.

9. That the Plaintiff initiated her employment applications with the Defendant in late 2014 but was never selected for employment with the Defendant.

10. That presently, federal case law provides for the recovery of documents that preceded the statute of limitation cut-off in discrimination cases, where a Plaintiff may not be able to readily characterize or recognize that the behavior of the potential employer is harassing or discriminatory.

11. That the Plaintiff moved to the State of South Carolina at the end of 2014 and visited the State of Michigan intermittedly.

12. That most of the Plaintiff's employment applications were submitted on the Robert Half app.

13. That the Plaintiff was candid and honest about her residency in South Carolina, but continued to reassure the Defendant's recruiters that she would timely appear for an employment assignment if she was selected.

14. That the Plaintiff did not suspect that the Defendant's behavior was discriminatory until she arrived in the State of Michigan and sought employment with the Defendant.

15. That the Plaintiff thought that her out of state residency prevented the Defendant from selecting her for an assignment.

16. That the Plaintiff has now remained in the State of Michigan since February 13, 2022.

17. That the Plaintiff began to suspect that the Defendant's conduct was discriminatory after relocating to Michigan. Plaintiff began to realize no matter where she resided, the Defendant intended to reject her applications for employment.

18. That therefore, the Plaintiff now considers the Defendant's conduct to be discriminatory and not related to her out-of-state residence, but rather to the Plaintiff's status as an African-American female.

19. That the Plaintiff has not been selected for employment by Robert Half since she returned to the State of Michigan on February 13, 2022.

20. That the Plaintiff is convinced that her reassurances to the Defendant that she would timely appear for any assignment, were not the basis for the Defendant's discriminatory acts.

21. That instead, the Defendant has continued to discriminate against the Plaintiff, even though she informed the Defendant that she was readily available for work and physically present in the State of Michigan.

22. That federal case law provides that an employer's discriminatory acts that preceded the statute of limitations cut-off is admissible, if the Plaintiff did not recognize that it was discriminatory.

23. That the Plaintiff needs the requested discovery, which is recoverable pursuant to Federal Rules of Civil Procedure 26 (a), for purposes of trial preparation and presentation.

24. That in this instant case, the "Continuing Violation Doctrine" would **prohibit** the suppression of employment records which were generated prior to July 11, 2019.

25. That consequently, the Defendant is obligated to produce records which fall outside of the last three years which preceded the filing of the Plaintiff's Complaint.,

26. That the "Continuing Violation Doctrine" allows liability for unlawful employer conduct occurring outside of the statute of limitations, if it is sufficiently connected to unlawful conduct within the limitations period.

27. That additionally, Plaintiff's inability to characterize the Defendant's rejections of her employment applications as discriminatory before February 13, 2022, permits inclusion of the discriminatory acts pursuant to cited federal case law.

WHEREFORE, the Plaintiff, Brenda K. Sanders, respectfully requests that this Honorable Court grant her Motion to Compel Complete Answers to Plaintiff's Interrogatories and Requests for Production of Documents.

                        Respectfully Submitted,

                        /s/ *Brenda K. Sanders*
BY:_____
                        Brenda K. Sanders
                        Plaintiff – in *Pro Se*
                        P. O. Box 953
                        Lincoln Park, Michigan  48146
                        (313) 685-1096
                        (803) 991-1137
                        brendakarensanders@outlook.com

DATED:     April 22, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,                                Case No. 2:22-cv-12532-GAD-DRG

      Plaintiff,                                HON. GERSWIN A. DRAIN

vs.                                                Mag. Judge David R. Grand

ROBERT HALF INTERNATIONAL,
INC.,

      Defendant.
_____/
| Brenda K. Sanders | FOLEY & LARDNER, LLP |
|---|---|
| Plaintiff – in *Pro Se* | Attorneys for the Defendant |
| P. O. Box 953 | Jeffery S. Kopp (P59485) |
| Lincoln Park, Michigan 48146 | Jacqueline A. Hayduk (P80998) |
| (313) 685-1096 | 500 Woodward Avenue, Suite 2700 |
| (803) 991-1137 | Detroit, Michigan 48226-3489 |
| brendakarensanders@outlook.com | (313) 234-7140 |
| | jkopp@foley.com |
| | Jhayduk@foley.com |

_____/

## **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

    To this date, there has been only a partial response the Plaintiff's Interrogatories and the Request for Production. Rule 69(a) of the Federal Rules of Civil Procedure permits a Plaintiff to obtain discovery from a Defendant in the manner provided in the Federal Rules of Civil Procedure Rule 33. Rule 33 provides for the use of interrogatories to parties and Rule 34 provides for the use of requests for production. Rule 37(a)(2) allows for a party to move for a court order compelling an answer to discovery under Rules 33 or 34 when a party fails to comply with a discovery request.

6

The Defendant refuses to comply with Plaintiff's requests to provide complete answers to interrogatories and to produce the documents relating to Plaintiff's applications for employment prior to July 11, 2019.  The Plaintiff is seeking to learn the exact number of opportunities wherein she was denied employment by the Defendant.  At this time, the Defendant has only specifically outlined 17opportunities where it denied employment to the Plaintiff. Plaintiff sought employment with the Defendant from late 2014 until the Summer of 2022 with no success.

The Plaintiff served interrogatories and request for production on the Defendant pursuant to Federal Rules of Civil Procedure 69 on November 30, 2022. Plaintiff requested that the Defendant submit any and all email applications submitted by the Plaintiff that were generated in response to Defendant's advertised legal positions.  The Defendant has countered that the request is too burdensome and voluminous. Consequently, the Defendant has only generated information for the circumstances surrounding 17 job applications for which the Plaintiff applied and then was denied from 2014 to 2022.

### **Prior Discriminatory Acts Provide Background Information to the Trier of Fact And Are Still Discoverable Under Certain Circumstances**

Discovery should provide all of the background information relating to Robert Half's wrongful acts of discrimination.  The United States Supreme Court held in the matter of National Railroad Passenger Corporation v. Morgan, 535 U.S. 101 (2002) that:

> "….. that consideration of the **entire scope of a hostile work environment claim**, including behavior alleged outside the statutory time period, **is permissible** for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period."

Plaintiff argues that all of her claims should be allowed from 2014 until 2022 for the purpose of providing background information and for purposes of assessing liability. in

7

the complaint to provide background information in this case and because evidence of the continuing, egregious prior acts will be crucial to establishing defendant's notice of the harassment to defeat its affirmative defense (not yet raised) under Faragher/Ellerth, which permits an employer to escape liability if it proves that it exercised reasonable care to prevent harassment and that plaintiffs unreasonably failed to utilize its complaint mechanism. The court agrees that prior conduct that is not actionable may be relevant for other purposes. Mathewson v. National Automatic Tool Co., Inc., 807 F.2nd 87, 91 (7th Cir. 1986) ("Earlier discriminatory conduct by an employer that is time-barred, is nevertheless entirely appropriate evidence to help prove a timely claim based on subsequent discriminatory conduct by the employer.") (citing, inter alia, United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977)); Johnson v. Jewel Food Stores, Inc., No. 98 C 4440, 2001 WL 111237, *9 and n. 15 (N.D. Ill. Feb. 8, 2001) (Gottschall, J.) ("Evidence of alleged harassment and complaints that occurred outside the limitations period may be relevant to show [the employer's] liability for acts that took place inside of the limitations period." Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1036 (7th Cir. 1998)".

"Additionally, The Court did note, however, that such time-barred prior acts still may be used as "background evidence" in support of a timely claim. " Thus, the majority concluded that as long as one act contributing to the claim occurs within the limitations period, the entire period of the hostile environment may be considered for the purposes of assessing liability."

**<u>The Continuing Violation Doctrine is Applicable In This Case</u>**:

In this case, the Defendant has failed to provide information for all of the applications for employment that the Plaintiff submitted via email transmission or otherwise, from 2014 through July 11, 2022. Such documents are clear and substantial evidence of deliberate and intentional employment discrimination against the Plaintiff.

> "As a general matter, the continuing violation doctrine allows a plaintiff to obtain relief for a time-barred act by linking it with an act within the limitations period and the court treats the combination of acts as one continuous act that ends within the limitations period. Garrison v. Burke, 165 F.3d 565, 569 (7th Cir. 1999); Hardin v. S.C. Johnson Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999). "….Moreover, in a sexual harassment case, the continuing violation doctrine comes into play "only when the plaintiff was reasonable not to perceive her working conditions as intolerable until the acts of harassment had, through repetition or cumulation, reached the requisite level of severity," DeClue v. Cent. Illinois Light Co., 223 F.3d 434, 435 (7th Cir. 2000), for example, **where a plaintiff could "only tell by hindsight that the untimely acts represented the early stages of harassment," Garrison, 165 F.3d 570, or where, after the initial incident of discrimination, "a plaintiff does not feel `sufficient distress to . . . mak[e] a federal case.'"** Hardin at 167 F.3d 344.

The Defendant has erroneously asserted that it does not have to produce documents prior to July 11, 2019 because of the statute of limitations. Plaintiff's counters that she did not learn that she was being discriminated against by the Defendant until the mid to late Summer of 2022. Plaintiff surmised that her out-of-state residency prevented the Defendant from hiring her as an employee. Plaintiff returned to the State of Michigan on February 13, 2022. After that date, when the Defendant failed to respond to her various applications for employment, the Plaintiff suspected harassment and discriminatory motive.

Pursuant to these facts, the law allows discovery of incidents of discrimination that took place prior to July 11, 2019.

The Defendant has failed to disclose how many times the Plaintiff applied for legal positions with its company from 2014 until 2022. The Plaintiff assumes that the Defendant has maintained an employment application file that pertains only to her numerous applications for employment. Plaintiff further assumes that Plaintiff's email communications from three different email accounts, brendaksanders@outlook.com; bkss1233@outlook.com and brendakarensanders@outlook.com would have been preserved by the Defendant. The Plaintiff has limited access to the first two email accounts described above.

Given the above-cited legal authorities, which includes a U. S. Supreme Court authority, there is no just reason why this Court, in exercising its powers under Rule 37(a)(2), should not order the Defendant, Robert Half International, Inc., to completely respond to the Plaintiff's Interrogatories and Request for Production immediately, and in the manner required under the Federal Rules of Civil Procedure 26(a) 1.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff is requesting that this Honorable Court grant an order compelling the Defendant, Robert Half International, Inc. to answer Plaintiff's Interrogatories and Request for Production from late 2014 until July 11, 2022 or alternatively, produce said documents for personal inspection by the Plaintiff.

        Respectfully Submitted,

        /s/ *Brenda K. Sanders*

BY:_____
        Brenda K. Sanders
        Plaintiff – in *Pro Se*
        P. O. Box 953
        Lincoln Park, Michigan 48146
        (313) 685-1096
        (803) 991-1137
        brendakarensanders@outlook.com

DATED: April 22, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,                         Case No. 2:22-cv-12532-GAD-DRG

    Plaintiff,                              HON. GERSWIN A. DRAIN

vs.                                         Mag. Judge David R. Grand

ROBERT HALF INTERNATIONAL, INC.,

    Defendant.
_____/

| Brenda K. Sanders | FOLEY & LARDNER, LLP |
|---|---|
| Plaintiff – in *Pro Se* | Attorneys for the Defendant |
| P. O. Box 953 | Jeffery S. Kopp (P59485) |
| Lincoln Park, Michigan  48146 | Jacqueline A. Hayduk (P80998) |
| (313) 685-1096 | 500 Woodward Avenue, Suite 2700 |
| (803) 991-1137 | Detroit, Michigan  48226-3489 |
| brendakarensanders@outlook.com | (313) 234-7140 |
| | jkopp@foley.com |
| | Jhayduk@foley.com |

_____/

## **CERTIFICATE OF SERVICE**

    Plaintiff certifies that service of a true copy of the foregoing Motion to Compel Discovery, Memorandum in support thereof was made by email transmission this 22nd day April, 2023 upon attorneys of record for the Defendant at the email addresses provided in this Court's records.

                                /s/ *Brenda K. Sanders*

              BY:_____
                       Brenda K. Sanders
                       Plaintiff – in *Pro Se*
                       P. O. Box 953
                       Lincoln Park, Michigan  48146
                       (313) 685-1096
                       (803) 991-1137
DATED:  April 22, 2023       brendakarensanders@outlook.com

13