UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS

   Plaintiff

v.

ROBERT HALF,
INTERNATIONAL, INC.

   Defendant.
_____/

Case No. 22-12532

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER: (1) GRANTING PLAINTIFF'S UNOPPOSED SECOND MOTION TO EXTEND TIME TO FILE EXPERT WITNESS LIST [ECF No. 25]; (2) DENYING PLAINTIFF'S AMENDED MOTION TO EXTEND TIME FOR DISCOVERY [ECF No. 29]; (3) DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF No. 32]; (4) DENYING MOTION TO COMPEL [ECF No. 33]; (5) GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE PLAINTIFF'S MOTION FOR SUMMARY DISPOSITION [ECF No. 41]**

**I. Introduction**

*Pro se* plaintiff Brenda K. Sanders ("Sanders") brings this action under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000, et seq., and Michigan's Elliot-Larson Civil Rights Act, M.C.L § 37.2101, et seq. She alleges that employment agency company Robert Half International, Inc., ("Robert Half") rejected her applications for certain advertised positions based on her sex,

race, and age. [ECF No. 15]. She filed her complaint on July 11, 2022. [ECF No. 1-1, PageID.15].

There are several motions before the Court. First is Sanders' duplicate Motions to Extend Time to File Expert Witness List. [ECF Nos. 24 and 25]. Defendant did not file a response and Sanders filed her expert witness list on March 30, 2023. Plaintiff's motion is **GRANTED** and her witness list is received.

Secondly, Plaintiff's Amended Motion to Extend Time for Discovery [ECF No. 29] is before the Court; it was filed on April 10, 2023. Defendant responded on April 18, 2023, and Plaintiff did not reply. The Court held oral argument on May 30, 2023. For the reasons stated below, Plaintiff's Motion to Extend Time for Discovery is **DENIED.**

Third is Plaintiff's Motion for Leave to File Second Amended Complaint. [ECF No. 32]. It was filed on April 18, 2023, and Defendant responded on April 25, 2023. Plaintiff did not file a reply. The Court held a hearing on May 30, 2023. For the reasons stated below, Plaintiff's Motion for Leave to file Second Amended Complaint is **DENIED**.

Fourth, Plaintiff's Motion to Compel Complete Answers to the Plaintiff's Interrogatories and Requests for Production of Documents [ECF No. 33] is before the Court. It was filed on April 24, 2023, Defendant responded on May 8, 2023,

and Plaintiff did not file a reply. For the reasons stated below, Plaintiff's Motion is **DENIED.**

Fifth, Defendant's Motion for Summary Judgment is before the Court. It was filed on May 1, 2023. Plaintiff must respond to this Motion by **June 21, 2023**.

Sixth is Sanders' Motion to Extend Time to File Motion for Summary Disposition. Defendant did not respond to it. This Motion is **GRANTED**. Her motion was filed and received by the Court on June 2, 2023

## II. Factual and Procedural Background

Sanders is an attorney and former judge of the 36th District Court. The Michigan Supreme Court removed her from the bench in 2015, finding that her "mental disability […] prevents the performance of her judicial duties" and "due to her delusions, [Sanders] could not interpret reality correctly and could not make rational decisions." *In re Sanders*, 498 Mich. 865 NW2d 30 (2015).

Robert Half is an employment agency company. Sanders alleges that she applied for 17 temporary and permanent positions through Robert Half between 2014 and 2022. These positions include Legal Secretary, Receptionist, Paralegal, Legal Assistant, Legal Administrator, Payroll Clerk, Office Manager. Robert Half did not hire her for any of the positions. Sanders also alleges that she is a victim of "military gang stalking and sexual harassment," [ECF No. 15, PageID.99],

although it is unclear how these allegations relate to her claims against Robert Half.

Sanders has demonstrated a generalized issue meeting deadlines in this case. The Court entered a Scheduling Order on November 8, 2022. Sanders filed her First Amended Complaint on December 5, 2022. Since then, she filed: (1) a motion to extend the deadline for filing her expert witness list [ECF Nos. 24 & 25]; (2) an untimely motion extend time for discovery [ECF Nos. 29]; (3) an untimely Motion to Compel discovery responses; (4) she neglected to respond to Robert Half's Motion for Summary Judgment before the response deadline had passed; and (5) she missed the dispositive motion deadline, opting instead to file a Motion to Extend time [ECF No. 41] and an untimely Motion for Summary Disposition [ECF No. 42].

The basis of Sanders' Motion to Extend Time for Discovery and Motion Compel is that she seeks to obtain responses to interrogatories and requests for production of information and documents pertaining to previously qualified candidates hired by Defendant in the positions for which Plaintiff applied but was not hired prior to July 11, 2019. [ECF No. 33]. She seeks an order from Court compelling Robert Half to answer interrogatories and produce records pertaining to such information. The Court will address both Motions below.

### III.   Motion to Extend Time for Discovery

> The Scheduling Order explicitly notes:
>
> Discovery shall be completed on or before the date set forth in the scheduling order. The court will not order discovery to take place subsequent to the discovery cutoff date. The discovery deadline may only be extended by filing a timely written motion with the court. Extensions or adjournments of all other dates will also only be considered upon the filing of a timely written motion for good cause shown.

[ECF No. 10, PageID.80]. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements[.]" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (internal quotation and citation omitted). Thus, the "overarching inquiry" when considering a motion to extend discovery is "whether the moving party was diligent in pursuing discovery." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Courts may also consider prejudice to the nonmoving party. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation omitted).

District courts have discretion when weighing factors for and against additional discovery. See *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472 (6th Cir. 2010). Courts consider five factors in reviewing a moving party's request for additional time for discovery:

> (1) when the moving party learned of the issue that is the subject of discovery;

    (2) how the discovery would affect the ruling below;
    (3) the length of the discovery period;
    (4) whether the moving party was dilatory; and
    (5) whether the adverse party was responsive to prior discovery requests.

*Id*. at 478.

All of these factors favor denying Sanders' Motion to Extend Time for Discovery. As Robert Half correctly points out, pursuant to the Court's November 8, 2022 Scheduling Order, the parties were required to complete discovery by April 10, 2023. [ECF No. 10]. Sanders sent her First Set of Requests to Produce on November 30, 2022. [ECF No. 40]. Robert Half provided its objections and responses to Plaintiff's first set of Interrogatories on December 28, 2022. After receiving responses, Sanders did not initially file a motion to compel, she instead moved to extend the discovery cutoff deadline on April 10, 2023—the day it elapsed—and more than three months after Robert Half responded to her discovery requests. She did not file her Motion to Compel until April 24, 2023, over four months after Sanders received Robert Half's responses to her interrogatories and document requests and long after the four-month discovery period closed. Both motions are untimely.

Further, the information Sanders seeks would have little impact upon this case; Robert Half argues that Sanders' claims for actions that occurred before July 11, 2019, are timed barred by the three-year statute of limitations. It also says that

Robert Half has provided details regarding why the candidates hired during the period proceeding July 11, 2019 were presented to Robert Half's customers and their demographic information. Robert Half says both this motion and this lawsuit are frivolous and "there is no additional information that Plaintiff needs to collect from these individuals, and she should not be permitted to unnecessarily harass them." [ECF No. 31, PageID.338]. Sanders did not respond to these contentions by filing a reply brief or addressing them during oral argument.

She does contend, however, that the three-year statute of limitations does not bar claims for alleged discrimination that occurred before July 11, 2019, because of the continuing violation doctrine. The Supreme Court has held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002). Discrete acts, such as those alleged by Sanders, are easy to identify as separate, actionable unlawful employment practices, and thus, each incident "starts a new clock" running on the limitations period. *Id*. at 112. see also *El-Zabet v. Nissan N. Am., Inc.*, 211 F. App'x 460, 464 (6th Cir. 2006).

For the reasons articulated above, the Court does not believe that Sanders has been diligent in pursuing her discovery requests, which is the Court's overarching inquiry for the instant Motion. *Dowling*, 593 F.3d at 478. Accordingly,

the Court does not find good cause to extend discovery. Sanders' Motion to Extend Time for Discovery is **DENIED**.

IV. **Motion to Compel Complete Answers to the Plaintiff's Interrogatories and Requests for Documents**

District courts have broad discretion over docket control and the discovery process. See *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) "A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619 (6th Cir. 2018).

In several cases, courts have denied discovery motions filed after the close of discovery. See *Glob. Fleet Sales, LLC v. Delunas*, No. 12-15471, 2016 WL 2342319, at *2 (E.D. Mich. May 4, 2016) (denying a motion to compel that was filed after the close of discovery and plaintiffs provided no explanation for the delay and had reason to know of the evidence sought prior to the deadline*); AVKO Educ. Research Found. v. Morrow*, No. 11-13381, 2013 WL 1395824, at *11 (E.D. Mich. Apr. 5, 2013). Reviewing courts have affirmed the denial of untimely motions to compel. See *Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) (finding that the district court did not abuse its discretion in denying plaintiff's motion to compel because the motion was not filed

-8-

until two months after the discovery closed and two days after defendant filed its motion for summary judgment). See also, *Spurlock v Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (per curiam) (affirming the denial of discovery where plaintiff had ample opportunity during discovery period to examine evidence at issue).

Sanders' motion to compel is untimely for the same reasons stated above; because she received Robert Half's purportedly deficient discovery responses and choose not to act on them until more than three months later—on the day discovery closed. The fact that she first filed a motion to extend time for discovery on the day the deadline expired (on April 10, 2023) and then filed a motion to compel later that same month (on April 24, 2023) does not change the Court's conclusion regarding the untimeliness of these motions. Sanders offers no explanation for this delay, other than the fact that Robert Half did not provide the information she requested.

Sanders seeks to compel production of information regarding positions for which she applied prior to July 11, 2019. Robert Half correctly asserts that it would be unduly burdensome for it to produce such information. Robert Half asserts that it had to spend significant time and resources cross-referencing multiple sources of information to prepare the detailed information that Robert Half provided with respect to 17 of the positions to which Plaintiff applied. [ECF No. 39,

PageID.783]. To provide the information Sanders seeks, Robert Half would have to do the same for positions preceding July 11, 2019.

Such a task is unnecessary given that she seeks information pertaining to claims that would be barred by the statute of limitations. Under Fed. R. Civ. P. 26 (b)(1), Parties may obtain discovery regarding any nonprivileged matter that is: relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Even if the information Sanders seeks was somehow relevant to her claims that are not barred by the statute of limitations, the burden and expense Robert Half would incur to produce this information is outweighed by the minimal benefit the information would have for Sanders. The discovery she requested is not proportional to the needs of the case and it is not important to resolving her claims not barred by the statute of limitations.

Allowing further discovery for purposes that are not germane to resolving the issues in this case would unnecessarily cause further delay to the Court ruling on the merits and it would prejudice Robert Half.

Sanders' Motion to Compel is **DENIED**.

### V. Motion for Leave to File Second Amended Complaint

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id.

Rule 15 establishes a "liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.* 388 F.3d 930, 937 (6th Cir. 2004). "Denying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' " *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (rev'd on other grounds) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Sanders moves to amend her complaint for the second time to add a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., (the "ADA"). Pursuant to the Court's Scheduling Order, the deadline to amend the Complaint was December 5, 2022, and the parties were required to complete discovery by April 10, 2023. [ECF No. 10]. Plaintiff's Motion was not filed until April 18, 2023, over four months after the deadline to amend, well after the

-11-

discovery cutoff, and less than a month away from the dispositive motion cut off deadline on May 10, 2023.

She seeks to add an ADA claim because she says "[t]he Defendant has chosen to insert the findings from the Judicial Tenure Commission proceedings [regarding her mental stability] in the instant case to justify its failure to hire the Plaintiff for secretarial and paralegal positions for a period of almost eight years." [ECF No. 32, PageID.431]. But Robert Half does not argue that it failed to hire her due to her mental illness, instead, it requested the Court hold an emergency hearing to determine whether the action should be dismissed given "Plaintiff's delusions beliefs, given her fanciful deposition testimony, and history of mental instability as evidenced by her removal from the bench by the Michigan Supreme Court." [ECF No. 36, PageID.519]. The Court declined to hold an evidentiary hearing.

Ultimately, the Court will not permit amendment because of undue delay, prejudice to Robert Half, and the amendment would be futile given that Sanders has not exhausted a potential ADA claim. The exhaustion of administrative remedies is a condition precented to an ADA action. *Williams v. Northwest Airlines, Inc.*, 53 Fed. Appx. 350, 1 (6th Cir. 2002) (concluding the plaintiff's failure to exhaust administrate remedies warranted dismissal of Title VII and ADA claims). "To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has

instituted proceedings with a state or local agency, within 300 days." *Id*. Once the EEOC dismisses the charge and issues a right to-sue-letter, the plaintiff has 90 days to file a civil action. *Id*., 42 U.S.C. § 2000e5(f)(1). See also, *Jones v. Natural Essentials, Inc*. 740 Fed. Appx. 489, 493-4 (6th Cir. 2018) (concluding the plaintiffs' failure to exhaust their administrative remedies barred their ADA claims). Sanders does not allege that she has exhausted her administrative remedies by filing a charge with the EEOC and receiving a right-to-sue-letter.[1] The claim Sanders seeks to add via amendment is procedurally barred.

## VI. Conclusion

The Court is sympathetic to Sanders' circumstances and does not discount the difficulty she has faced in her search for employment. Yet, for the reasons stated above, the Court orders the following:

(1) Plaintiff's duplicate Motions to Extend Time to File Expert Witness List. [ECF Nos. 24 and 25] are **GRANTED**.

(2) Plaintiff's Amended Motion to Extend Time for Discovery [ECF No. 29 is **DENIED.**

(3) Plaintiff's Motion for Leave to File Second Amended Complaint. [ECF No. 32 is **DENIED**.

---

[1] Sanders said during oral argument that she had an upcoming meeting at the EEOC, and she attempted to argue, in some vague sense, that she does not have to exhaust her ADA claim. The basis of this argument is unclear to the Court and Sanders did not raise it in her briefing or provide the Court with any authority during oral argument, so the Court will not address it.

(4) Plaintiff's Motion to Compel Complete Answers to the Plaintiff's Interrogatories and Requests for Production of Documents [ECF No. 33] is **DENIED.**

(5) Plaintiff must respond to Defendant's Motion for Summary Judgment is by **June 21, 2023,** or the Court will treat it as unopposed.

(6) Plaintiff's Motion to Extend Time to File Motion for Summary Disposition is **GRANTED**. Her motion was filed and received by the Court on June 2, 2023.

**IT IS SO ORDERED.**

Dated:  June 8, 2023               /s/ Gershwin A. Drain
                                   GERSHWIN A. DRAIN
                                   UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 8, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager