UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

Plaintiff,

CASE NO. 2:22-cv-12532
HON. GERSHWIN A. DRAIN

*v.*

ROBERT HALF INTERNATIONAL, INC.,

Defendant.

______________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#38] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#42]**

## I. INTRODUCTION

On December 5, 2022, Plaintiff Brenda K. Sanders filed a First Amended Complaint alleging Defendant Robert Half International, Inc. (Robert Half), a Recruiting Agency, discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Michigan Elliott-Larsen Civil Rights Act (ELCRA), MICH. COMP. LAWS § 37.2101 *et seq*., as well as retaliated against her in violation of 42 U.S.C. § 1981 when it failed to place her for employment with any of its customers. Plaintiff also brings a claim of intentional infliction of emotional distress.

Now before the Court is the Defendant's Motion for Summary Judgment, filed on May 1, 2023. Plaintiff filed an Amended Response to the Defendant's Motion for Summary Judgment on July 10, 2023, and Defendant filed a Reply in support of its present Motion for Summary Judgment on June 27, 2023. Also, before the Court is the Plaintiff's Motion for Summary Judgment, filed on June 2, 2023. Defendant filed a Response to Plaintiff's Motion for Summary Judgment on June 23, 2023.

Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of these matters. Accordingly, the Court will resolve the parties' cross motions for summary judgment on the briefs. E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

Robert Half specializes in placing qualified temporary employees at its customer's businesses, with divisions focusing on office and legal markets. Robert Half's policies expressly prohibit discrimination against any individual, including candidates, because of race, sex, age, or any other protected classification.

Plaintiff began applying to mostly temporary positions advertised by Robert Half in 2017, the majority of which were for legal secretaries, paralegals, legal assistants, and similar legal positions. Plaintiff's most recent experience was as a

Legal Document Preparer preparing substantive legal documents for *pro se* litigants. Prior to this experience, Plaintiff worked as a judge for the 36th District Court in Detroit, Michigan in 2015. Plaintiff has previously worked as a law clerk; however she has not held this position since 1983. Plaintiff's experience as a legal secretary occurred in 1981. Plaintiff has no experience working as a paralegal. During the relevant time period, Plaintiff applied to approximately 73 temporary positions that Robert Half advertised. Robert Half was never able to place her in any of the positions to which she applied.

For example, on January 21, 2021, Plaintiff applied for a Data Entry and Support Specialist position. Robert Half did not present Plaintiff to its customer for consideration because she lacked banking experience, which the customer required, and Plaintiff admits she did not have. Robert Half placed hundreds of qualified candidates of various demographic backgrounds in this position. On January 22, 2021, Plaintiff applied for a Paralegal position. Robert Half did not present Plaintiff to its customer for consideration because she lacked recent title law experience, which was required, but placed another African American female, age 37, in the position.

On February 11, 2022, Plaintiff applied to a Legal Secretary position, but she was not presented because she lacked the medical malpractice experience required. In any event, Robert Half never placed anyone in this position because

the customer canceled it. On March 14, 2022, Plaintiff applied to a Legal Administrative Assistant position. Robert Half presented Plaintiff to the client for consideration, but the client declined to interview Plaintiff because it had already interviewed a different candidate, LaShaunya Akins, an African American female, age 38, whom Robert Half had presented a few weeks earlier. The customer hired Akins because she had more relevant experience working in a municipality than Plaintiff.

On April 6, 2022, Plaintiff applied to a Legal Secretary position, but Robert Half did not present her to the customer because Plaintiff had not worked as a legal secretary since 1981 and did not have recent experience with e-filing, calendar management and docketing. Robert Half placed Ashley Williams, a 33-year-old African American female in the position. On May 17, 2022, Plaintiff applied to an Administrative Assistant position, but Robert Half did not present Plaintiff to the customer because it had already presented a qualified candidate, Alvina Calvert, an African American, 27-year-old female, who the customer selected. On May 22, 2022, Plaintiff applied to a Payroll Clerk position, but was not presented to the customer because the customer canceled the position on May 13, 2022.

On June 10, 2022, Plaintiff applied for a Fund Accountant position, but Robert Half did not present Plaintiff to the costumer because Plaintiff did not have "nav experience", which the customer required. On June 11, 2022, Plaintiff

applied to a Legal Secretary position, but Robert Half did not present her to the customer because it had already presented a very qualified candidate, Sharonda Mitchell, an African American female over 40 years of age, who the customer selected. On June 17, 2022, Plaintiff applied to a Legal Assistant position, but was not presented to Robert Half's customer because Robert Half had already presented a qualified candidate with more relevant experience, Lilian Arrive Kellar, an African American female over 40. Regardless, the customer canceled the position. On June 17, 2022, Plaintiff applied to a Legal Assistant position, but was not presented to the customer because Robert Half was already presenting a qualified candidate, Temieka Freeman, an African American female over 40, to the customer, and Freeman had previously performed well in similar positions. The customer selected Freeman.

On June 23, 2022, Plaintiff applied to a Legal Secretary position but was not presented to the customer because Robert Half had already presented a more qualified candidate, Dante Pryor, an African American 30-year-old male, to the customer. Robert Half never placed anyone in the position because the customer canceled it a few days later. On July 10, 2022, Plaintiff applied to a Legal Administrator position, but Robert Half did not present Plaintiff for consideration because the customer wanted a candidate with a corporate background, which Plaintiff did not have. Robert Half presented a qualified candidate, Christina

Arnold, a Caucasian female, to the customer, but she was not selected and the customer canceled the position on July 13, 2022.

Additionally, there are at least three instances where Robert Half was preparing to present Plaintiff, but she never responded or did not timely respond and was removed from consideration. For instance, on March 11, 2021, Plaintiff applied for a Legal Secretary position, but Robert Half did not present Plaintiff to the customer because Plaintiff did not respond when the recruiter, Jayne Thompson, asked if she could start the following day, and instead placed Christy Bargaineer, a 29-year-old, African American female in the position. On or about June 7, 2022, Plaintiff applied to a Receptionist position, and recruiter Leah Haleigh left Plaintiff a voicemail regarding the position, but Plaintiff never responded. On June 23, 2022, Plaintiff applied for an Administrative Coordinator position. Robert Half called Plaintiff to place her in this position, but she did not respond for over a week because she was out of town, so Robert Half filled the position with another candidate.

At her deposition, Plaintiff admitted she never complained of race discrimination, or discrimination based on any other protected class. Rather, she testified to general dissatisfaction with Robert Half's failure to place her. Plaintiff explained:

> Q: [S]o just to be clear, in the conversation that – the one conversation in 2022 that you supposedly had with a recruiter, you never

> specifically stated that you thought you were being discriminated on the basis of your race, age, or sex?
>
> A: No, I didn't say it like that. I think I expressed some dissatisfaction with not being hired, placed, for such a long period of time. I didn't consider it to be just an isolated incident. After a while, it became a consistent circumstance that I thought was treating me unfairly.

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp*., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co*., 323 F.3d 386, 390 (6th

Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc*., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co*., 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd*., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

### B. Defendant's Motion for Summary Judgment

#### 1. Title VII and ELCRA claims

##### a. Exhaustion of Administrative Remedies

As an initial matter, Plaintiff's Title VII discrimination claim is barred because she failed to exhaust her administrative remedies. An employee alleging discrimination in violation of Title VII must first file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged wrongful acts. 42 U.S.C. § 2000e-5(e)(1). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [her] EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362-63 (6th Cir. 2010) (affirming dismissal of a *pro se* plaintiff's Title VII claims where he did not exhaust administrative remedies). "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge." *Strouss v. Michigan Dept. of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001).

Plaintiff does not allege in the Complaint she exhausted her administrative remedies. She claims she filed a charge with the EEOC while this matter was pending. Regardless, Plaintiff admits that she cannot proceed with her Title VII claim, because she has not received a "right to sue" letter from the EEOC or MDCR. As such, the Court does not have subject matter jurisdiction to determine

Plaintiff's Title VII claim and it must be dismissed. However, even if Plaintiff received an EEOC right to sue letter, her Title VII claim fails for the same reason it fails under Sec. 1981 and the ELCRA, as discussed below.

**b. Discrimination**[1]

To establish a prima facie case of discrimination based on failure to hire, Plaintiff must show that: (1) she belonged to a protected class; (2) she applied and was qualified for the job; (3) despite her qualifications, she was rejected; and (4) the position remained opened or another applicant with similar qualifications and not a member of the plaintiff's protected class was hired. *See Williams v. Hevi-*

---

[1] Any alleged failure to hire that occurred prior to July 11, 2019 is time barred by the three-year limitations period applicable to claims asserted under the ELCRA. MICH. COMP. LAWS § 600.5805(2); *Jackson v. Quanex Corp.*, 191 F.3d 647, 667 and FN 7 (6th Cir. 1999). Sec. 1981 claims' limitations period is governed by the state-law statute of limitations for an analogous cause of action," here the ELCRA. Plaintiff did not initiate this case until July 11, 2022. Thus, any claims she asserts must be based on conduct that occurred within the three years preceding July 11, 2022. To the extent that Plaintiff argues pre-July 11, 2019 conduct evidences adverse action by Robert Half, Plaintiff misconstrues the continuing violation doctrine. The doctrine is inapplicable to failure to hire claims, which involve alleged discrete incidents of discriminatory acts. *See also, Evans v. Canal St. Brewing Co. LLC*, No. 18-cv-12631, 2019 WL 1491969, at *8 (E.D. Mich. April 4, 2019) (dismissing plaintiff's failure to promote claims under ELCRA or Sec. 1981 based on conduct occurring prior to the limitations period). Similarly, any Title VII claim based on conduct that occurred more than 300 days before she filed the alleged EEOC charge is time-barred because the acts fall outside of the charge filing period required by 42 U.S.C. § 2000e-5(e)(1). *National R.R. Passenger Corp. v. Morgan*, 536 US 101, 113 (2002) (finding only those acts occurring within 300 days before plaintiff filed his charge were actionable where he first filed his charge with the state agency).

*Duty Elec. Co.*, 819 F.2d 620, 629-30 (6th Cir. 1987). If the Plaintiff successfully proves a prima facie case, the burden of production shifts to the employer to articulate some legitimate, non-discriminatory reason for the employment decision. *Id.* Then the burden of production shifts back to the plaintiff to show the legitimate reasons offered by the employer were not its true reasons, but rather a pretext for unlawful discrimination. *Id*. The analysis of race discrimination claims under Sec. 1981 is the same as under Title VII and comparable state anti-discrimination statues. *Kendall v. Urban League of Flint*, 612 F. Supp.2d 871, 876 (E.D. Mich. 2009). Similarly, in examining ELCRA claims, courts may look to federal decisions constructing Title VII. *U.S. ex rel Diop v. Wayne County Cmty. Coll. Dist*., 242 F. Supp.2d 497, 507 (E.D. Mich. 2003).

Here, Plaintiff cannot establish a prima facie case of race, sex, or age discrimination because she cannot show she was qualified for the position or that Robert Half presented or filled the positions with candidates outside of Plaintiff's protected classes. Plaintiff has not demonstrated the second element of a prima facie case of discrimination because she was not qualified for the positions to which she applied. Plaintiff has failed to present any evidence that she possessed recent relevant experience, which primarily required e-filing, docketing and calendar management, or experience in particular legal areas, such as medical malpractice. Plaintiff has not worked as a Legal Secretary, the closest comparable

position to the majority of those she applied to, since 1981. Moreover, Robert Half has no obligation to present an unqualified candidate to its customers, so even though Plaintiff had legal experience, it was too attenuated to consider her qualified for the positions to which she applied and she was not presented to the customer.

Plaintiff also cannot establish the fourth element of a prima facie case of discrimination based on race, sex or age, because she has no evidence that the positions to which she applied were filled by similarly qualified candidates outside of her protected class. Plaintiff has not identified one comparator outside of her protected class with similar qualifications that Robert Half presented to its customers for the positions to which Plaintiff applied. In fact, Plaintiff testified she has no documentary evidence or witnesses to support her discrimination allegations.

Even if Plaintiff could establish a prima facie case of discrimination, her claims fail because Robert Half had legitimate business reasons for not presenting Plaintiff to its customer for consideration. Plaintiff was either not qualified, or Robert Half had already identified a more qualified candidate to present to the customer. As discussed above, Plaintiff lacked recent relevant experience with the key skillset associated with the majority of the positions to which she applied, which were for legal support staff. Plaintiff's resume reflects that she has not held

a legal secretary position in over 30 years. Robert Half properly declined to present Plaintiff to its customers for most of the positions to which she applied because based on its recruiters' expertise and AI-matching technology, Plaintiff was not qualified, or at the very least, not the most qualified candidate for these positions.

Additionally, there were a couple of positions for which Plaintiff applied, that Robert Half was prepared to interview Plaintiff or present Plaintiff to the customer for consideration, but Plaintiff stopped responding to the recruiter and Robert Half had to move on to a more responsive candidate to fill the customer's immediate needs. This is a legitimate and non-discriminatory reason for its decision. Further, some of the positions to which Plaintiff applied were canceled before or shortly after she applied. Robert Half properly declined to present Plaintiff to its customers or its customers declined to interview her based on her lack of qualifications, lack of response, or the customer canceled the position.

Plaintiff's claims also fail as a matter of law because she cannot establish pretext. A plaintiff's subjective belief or speculation is not enough to support a discrimination claim as a matter of law. *Woythal v. Tex-Tenn Corp*., 112 F.3d. 243, 247 (6th Cir. 1996). "It is well-settled that the plaintiff's denial of the defendant's articulated legitimate reason without producing substantiation for the denial is

insufficient for a race [sex or age] discrimination claim to withstand a motion for summary judgment." *Diop*, 242 F.Supp.2d at 515.

Here, Plaintiff has not presented any evidence that Robert's Half's stated reasons are a pretext for discrimination. She cannot do so where Robert Half has presented or placed multiple African American females of various ages, including three over 40, in the positions to which Plaintiff applied. Robert Half has provided detailed information regarding 15 positions to which Plaintiff applied and it presented and/or placed African American females in 8 of those positions. Plaintiff cannot establish pretext and her discrimination claims fail as a matter of law.

**2. § 1981**

To establish a *prima face* case of retaliation under Sec. 1981, a plaintiff must show:(1) she engaged in a protected activity; (2) this was known by the defendant; (3) the defendant took materially adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the materially adverse employment action. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). The elements of a retaliation claim under Sec. 1981 are the same as those under Title VII, or similar state law. *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019).

Here, Plaintiff never engaged in protected activity because she did not complain about any activity that violates Sec. 1981. Protected activity requires opposing conduct made unlawful by Sec. 1981. *Johnson*, 215 F.3d 561, 580. Examples of protected activity include complaining to management, unions, or other employees, about allegedly unlawful practices; or refusing to obey an order because the worker thinks it is unlawful under Sec. 1981. *Id*.; *see also Briggs v. Univ. of Detroit-Mercy*, 22 F. Supp.3d 798, 811-12 (E.D. Mich. 2014) (granting summary judgment for defendant where the plaintiff did not engage in protected activity because he did not report sex discrimination or harassment).

Here, Plaintiff never complained to Robert Half regarding "protected characteristics" or discrimination that constitutes protected activity. *Id*. Plaintiff never told Robert Half she felt discriminated against based on her race, age or sex. Rather, Plaintiff complained she was generally dissatisfied she had not been hired. Further, even if Plaintiff had engaged in protected activity – she did not – Robert Half was not aware of it and there is no causal connection between the alleged protected activity and her alleged "failure to hire" claims. Plaintiff's retaliation claim fails as a matter of law.

**3. Intentional Infliction of Emotional Distress**

To establish a prima facie case of intentional infliction of emotional distress, Plaintiff must show, 1) extreme and outrageous conduct; (2) intent or recklessness;

(3) causation; and (4) severe emotional distress. *Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 777 (6th Cir. 1996). "Liability may be found, only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. "Run-of-the-mill claims of employment discrimination do not constitute extreme and outrageous conduct sufficient to state a claim of intentional infliction of emotional distress under Michigan Law." *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 592 (6th Cir. 2014).

Under the circumstances present here, Plaintiff cannot establish a *prima facie* intentional infliction of emotional distress claim because she has not alleged and cannot prove that Robert Half engaged in any extreme or outrageous conduct with the intent to cause her severe emotional distress. Plaintiff's claim is premised on the extensive nature of the denials of employment, which is nothing more than a "run-of-the-mill" claim that Robert Half discriminated against her based on her race, sex and age by declining to present her to its customers for consideration. *Loyd*, 766 F.3d at 592. Plaintiff has not presented any evidence that she has suffered from severe emotional distress, such as loss of enjoyment in life or ability to function, as required by the "particularly strict standard" for the tort of intentional infliction of emotional distress. *Hartleip*, 83 F.3d at 777. In fact, Plaintiff testified at her deposition that she has "a lot of fun" playing music,

painting, and writing books. Plaintiff's intentional infliction of emotional distress claim also fails as a matter of law.

### C. Plaintiff's Motion for Summary Judgment

#### 1. Title VII and ELCRA

Plaintiff's discrimination claims fail as a matter of law. Plaintiff argues that the undisputed fact that she was not hired should entitle her to an award of damages. Plaintiff is still required under the law to establish a *prima facie* case of discrimination, and only if she is able to do so, then she must rebut the legitimate nondiscriminatory reasons offered by Robert Half by showing those reasons to be pretextual. *Williams v. Hevi-Duty Elec. Co*., 819 F.2d 620, 629-30 (6th Cir. 1987)(finding no evidence of racial discrimination where company's decision was based on valid policy of excluding from consideration applications over one-year old). Only then would the Plaintiff's claims survive a motion for summary judgment and entitle her to proceed to a trial on the merits of her claims.

Here, Plaintiff not only fails to establish a *prima facie* case, but she offers no admissible evidence of pretext to rebut the valid reasons that Robert Half has proffered for her non-selection. She cannot show she was qualified for the positions or that Robert Half presented or filled the positions with candidates outside of Plaintiff's protected classes.

Moreover, as discussed above, despite Plaintiff's claim that she was never considered for a position, the facts show otherwise, as Robert Half was prepared to interview Plaintiff or present Plaintiff to the customer for consideration for a few positions, but Plaintiff stopped responding to the recruiter and Robert Half had to move on to a more responsive candidate to fill the customer's immediate needs. This is a legitimate and non-discriminatory reason for Robert Half's decision that is uncontradicted by any evidence offered by Plaintiff. *See e.g. Williams v. Hevi-Duty Elec. Co*., 819 F.2d at 629 (plaintiff did not establish a *prima facie* case of discrimination where employer's policy limited applications to those submitted during a particular time period, the plaintiff did not submit his application within that timeframe, and he presented no evidence the policy was a device to discriminate on racial grounds). Additionally, other positions were canceled before or shortly after she applied.

Plaintiff's claims fail because Robert Half has offered legitimate business reasons when it did not present Plaintiff to its customer for consideration--she was either not qualified, or Robert Half had already identified a more qualified candidate to present to the customer. Plaintiff lacked recent relevant experience with the key skillset associated with the majority of the positions to which she applied.

Furthermore, Plaintiff has not presented any evidence that Robert's Half's stated reasons are a pretext for discrimination. *See Amini v. Oberlin Coll.*, 440 F.3d 350, 360 (6th Cir. 2006) (recognizing that a plaintiff cannot sustain a claim based on subjective beliefs that he is more qualified than others and there is no evidence of race discrimination). Similarly, Plaintiff's subjective denials of Robert Half's legitimate business reasons do not establish pretext.

**2. § 1981 Retaliation**

Plaintiff has also failed to present any admissible facts that would establish liability against Robert Half under 42 U.S.C. § 1981. Again, Plaintiff offers nothing but conclusory allegations that her race was the reason she was not being hired. Plaintiff never engaged in protected activity because she did not complain about any activity that violates § 1981, and she offers no evidence that Robert Half considered her race in any decision. *See Briggs v. Univ. of Detroit-Mercy*, 22 F. Supp.3d 798, 811-12 (E.D. Mich. 2014) (granting summary judgment for defendant where the plaintiff did not engage in protected activity because he did not report sex discrimination or harassment).

**3. Intentional Infliction of Emotional Distress**

Finally, Plaintiff also fails to present any admissible, uncontradicted evidence to establish summary judgment in her favor on her claim for intentional infliction of emotional distress. Plaintiff presents no admissible evidence that

Robert Half engaged in any extreme or outrageous conduct with the intent to cause Plaintiff severe emotional distress. Plaintiff has presented no admissible evidence that she suffered from severe emotional distress, such as loss of enjoyment in life or ability to function. *Hartleip*, 83 F.3d at 777. Summary judgment in her favor on this claim is likewise not warranted.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Summary Judgment [#38] is GRANTED.

Plaintiff's Motion for Summary [#42] is DENIED.

SO ORDERED.

Dated: January 19, 2024

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Brenda K. Sanders, PO Box 1795, Barnwell, SC 29812 on January 19, 2024, by electronic and/or ordinary mail.
/s/ Amanda Chubb for Lisa Bartlett
Case Manager